UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH O. STRADER,<br><br>        Plaintiff,<br><br>     v.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.  C04-5433FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for September 23, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed by the parties. The undersigned now submits the following report, recommending that the Court affirm the administrative decision.

**INTRODUCTION**

Born in 1967, Plaintiff was 37 years old at the time the ALJ issued her decision. He graduated from high school and has past work experience as a carpenter, woodworker, landscaper, roofer, and cashier.

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income (SSI) on September 13, 2001 (Tr. 14-15, 57-60, 394-397). Plaintiff alleges is disabled beginning November 15, 2000 because of bipolar disorder, anxiety, seizures, cervical strain, low back pain, numerous head injuries and acid reflux disease (Tr. 14-15, 57-60, 394-397). His applications were denied initially (Tr. 27-30,

399-402), and upon reconsideration (Tr. 33-35, 405-407). Plaintiff then requested a hearing before an ALJ (Tr. 36), which was held on August 26, 2003 (Tr. 13, 408-463). Testimony was taken from Plaintiff and Kimberly King, Plaintiff's mental health counselor. The ALJ issued a decision denying Plaintiff's applications (Tr. 13-24). The Appeals Council denied Plaintiff's request for review (Tr. 5-7), making the ALJ's decision the final Agency decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210 (2004).

Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's application for benefits.

## DISCUSSION

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, this Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

A.  THE ALJ PROPERLY EVALUATED THE MEDICAL EVIDENCE

When an ALJ reviews an application for benefits he or she must fairly develop the record and follow a five-step process. Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A) (1992). The ALJ is responsible for resolving conflicts and ambiguities in the medical testimony. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a

nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, Plaintiff complains that the ALJ erroneously decided to substitute her medical opinions for that of all of Mr. Strader (sic) treating physicians' and counselors' (Pl.'s Mem. at 7). At the hearing, Plaintiff stated he normally sought treating from two entities: Margie Winkler[ ARNP], as his mental health doctor, and the Downtown Community Health Clinic for other problems (Tr. 419).

Plaintiff further implies in his Opening Brief that Dr. DeVore was a treating physician. The court notes that it appears Dr. DeVore was not a treating physician, but rather a consulting physician, who "completed a DSHS [Department of Social and Health Services] psychological evaluation of the claimant on November 17, 2000" as noted by the ALJ (Tr. 15, 159-162). Dr. DeVore noted that Plaintiff reported having significant neck pain; the doctor did not diagnose neck and shoulder pain (Tr. 159). The court further notes Dr. DeVore, who is a psychologist, is not qualified to diagnose physical impairments. *See* DeMaris v. Barnhart, 306 F.Supp. 2d 863, 868 (N.D. Iowa 2004) (ALJ properly discounted psychologist's opinion as it was based on his consideration of claimant's physical complaints, which was not psychologist's area of expertise). With respect to Plaintiff's mental impairments, the ALJ relied on or found the opinion of Dr. Frank more persuasive. Dr. Frank, a psychologist, examined and evaluated Plaintiff in March 2002. Dr. Frank indicated that Plaintiff was stabilized on medication "and that he wanted to go to the Department of Vocational Rehabilitation (DVR) and get job training as a bookkeeper" (Tr. 18, 342). State agency physicians evaluated the medical evidence on January 7, 2002, and "concluded that the claimant's mental impairments were not severe" (Tr. 17, 254, 266).

Plaintiff argues the ALJ did not properly evaluate the statements or opinions of Ms. Kim King. Ms. King has been his counselor for a number of years. However, Ms. King testified that she had never known Plaintiff to go to church or to get involved in any kind of crafts or activities, and this was contrary to

REPORT AND RECOMMENDATION
Page - 3

information supplied by Plaintiff. The ALJ properly questioned the reliability of Ms. King's testimony (Tr. 64, 452). The ALJ further noted that the evidence did not support Ms. King's assessment that Plaintiff was unable to leave his home for days or weeks at a time due to anxiety (Tr. 21, 228-241, 271-331, 362-392). The ALJ also noted that Ms. King "was adamant that the claimant was clean and sober, even though he had indicated otherwise in notes dated after March of 2001, as he admitted smoking marijuana in November of 2001 (Exhibit 12F) [211]." (Tr. 21). Dr. Frederick, a psychiatrist, reported in December 2001, that, according to Plaintiff, "[m]arijuana is a drug he has used the majority of his life. The last time he used it was only a month ago, he states. He tends to use it on a daily basis when it is available" (Tr. 211).

After reviewing the record, the undersigned finds that ALJ properly evaluated the medical evidence and her findings regarding Plaintiff's impairments are properly supported by the medical evidence of record.

B. *THE ALJ IS NOT REQUIRED TO COMPLETE A PSYCHIATRIC REVIEW TECHNIQUE FORM TO EVALUATE PLAINTIFF'S RFC*

Plaintiff argues in his opening brief that the ALJ erred when she failed to include a Psychiatric Review Technique Form ("PRTF") with his written decision. Significantly, the ALJ has no obligation to complete or append a PRTF to his or her decision. 20 C.F.R. §§ 416.920a, 416.928.

The medical evidence noted above regarding plaintiff's mental impairments was properly relied on by the ALJ and the court further notes that similar documentation to the PRTF was included in the record by the state agency physicians.

C. **The ALJ Properly Concluded Plaintiff Is Capable Of Performing Work**

At step-five the Commissioner bears the burden to produce evidence of other jobs existing in significant numbers in the national economy that plaintiff could perform in light of his age, education, work experience, and residual functional capacity. *See* Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995). In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

Here, the ALJ relied on the Guidelines to conclude Plaintiff was not disabled. As long as there is

no evidence of significant non-exertional limitations, use of the Guidelines is appropriate. See Tackett, 180 F.3d at 1101-02. As set forth above, the ALJ found there is no significant non-exertional limitations that preclude the use of the Guidelines. The ALJ erroneously relied on Rule 204.00 of the Guidelines to determine that Plaintiff was not disabled.  However, this error is harmless because Plaintiff, as a younger individual, would still be found not disabled at the medium work level according to Rule 203.00. See 20 C.F.R. pt. 404, subpt. P, app. 2; ("A decision of the ALJ will not be reversed for errors that are harmless. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)").

## **CONCLUSION**

The ALJ's decision is supported by substantial evidence in the record.  Therefore, the Court should AFFIRM the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 23, 2005**, as noted in the caption.

DATED this 30th day of August, 2005.

>   */s/ J. Kelley Arnold*  
>   J. Kelley Arnold  
>   U.S. Magistrate Judge